IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL EUGENE WOOD, TDCJ-CID #427627, | § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-1436 |
| DOUGLAS DRETKE, | § § § | |
| Respondent. | § | |

United States Courts
Southern District of Texas
ENTERED

SEP 2 8 2005

Michael N. Milby, Clerk of Court

## MEMORANDUM OPINION AND ORDER

Petitioner Michael Eugene Wood, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ), files this petition for writ of habeas corpus under 28 U.S.C. § 2254, complaining that TDCJ is not executing properly his two felony sentences. Respondent has filed a motion for summary judgment, with a copy of the state court record. (Docket Entry No. 11.) Petitioner has filed a response. (Docket Entry No. 15.) After considering the pleadings, the record, and the applicable law, the Court **DISMISSES** this petition.

Petitioner was convicted of two felony offenses in 1986, and sentenced to sixty years. He was convicted of another felony offense in 1993, and sentenced to ten years. The sentence in the 1993 conviction was ordered "stacked" (that is, served consecutively) on the sentence in the 1986 conviction. *Ex parte Wood*, Application No. 16,226-09, p. 3. Petitioner complains that (1) his ten-year sentence should have begun once he became eligible for

parole on his sixty-year sentence, and that (2) he is entitled to "flat time" credit continuously from the date of sentencing in the ten-year sentence.

Petitioner pursued these claims in a state habeas application. *Id.* In its response to the application, the State argued that petitioner's claims were unsupported by state statutory and case law. In denying habeas relief, the state court found that the State's allegations were correct. *Id.*, p. 47. The Texas Court of Criminal Appeals denied petitioner's application without a written order. *Id.*, at cover. Contrary to petitioner's assertions, this latter ruling constituted a determination on the merits of his application, and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, applies to this petition. *See Salazar v. Dretke*, __F.3d __, 2005 WL 1797079 (5th Cir. 2005).

Under AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1) and (2). AEDPA further affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state-court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court

to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

In the instant case, petitioner presents no applicable authorities in support of his legal arguments, and bases his factual claims on conclusory allegations unsupported in the record. Accordingly, he fails to show that the state court's denial of habeas relief was contrary to or involved an unreasonable application of established federal law, and fails to rebut the presumption of factual correctness of the state court's determination by clear and convincing evidence.

The petition for habeas relief is **DENIED** and this case is **DISMISSED** with prejudice. Any pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 28 day of September, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE